# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| DWAYNE-JEMON HARRIS, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:21-CV-24-E-BH |
| | ) | |
| NATIONSTAR dba MR. COOPER, et al., | ) | |
|     Defendants. | ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

## I. BACKGROUND

On January 6, 2021, the plaintiff filed this action against several defendants. (*See* doc. 3.) By *Notice of Deficiency and Order* dated January 8, 2021, he was notified his complaint did not comply with Rule 8(a) of the Federal Rules of Civil Procedure, and that he had not paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP). (*See* doc. 4.) The order specifically advised him that he must file a compliant amended complaint and either pay the filing fee or file an IFP application within fourteen days, and that a failure to do so could result in the dismissal of the case. *Id.* Attached to the order were a complaint form and an IFP application. *See id.* The plaintiff was also sent a magistrate judge's questionnaire to obtain more information about his claims. (*See* doc. 5.) The questionnaire specifically advised him that his answers were due within fourteen days, and that a failure to file his answers could result in the dismissal of the case. *Id.* Well more than fourteen days from the date of the order and questionnaire have passed, but the plaintiff has not either paid the filing fee or filed an IFP application, and he has not filed an amended

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

complaint, his questionnaire answers, or anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the order that he file an amended complaint and either pay the filing fee or submit an IFP application within fourteen days despite a warning that failure to do so could result in dismissal of the case. He also failed to file his questionnaire answers within fourteen days despite a warning that failure to do so could result in dismissal of the case. Because he failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files an amended complaint and his questionnaire answers and either pays the filing fee or submits a completed application to proceed *in forma pauperis* within the time for objecting to this recommendation, or some other deadline set by the court.

**SO RECOMMENDED on this 24th day of May, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                  _____
                  IRMA CARRILLO RAMIREZ
                  UNITED STATES MAGISTRATE JUDGE